UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

ORLANDO DIVISION

Case No.

NGA NGUYEN, as Personal
Representative of the Estate of
Nghi Nguyen,

Plaintiff,

vs.

MAGICAL CRUISE COMPANY,
LIMITED, d/b/a Disney Cruise Line, and
VANTER CRUISE HEALTH SERVICES,
INC.

Defendants.
_____/

### PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, NGA NGUYEN, as Personal Representative of the Estate of Nghi Nguyen, hereby sues Defendants MAGICAL CRUISE COMPANY, LIMITED, d/b/a Disney Cruise Line, (hereinafter "DISNEY") and VANTER CRUISE HEALTH SERVICES, INC. (hereinafter "VANTER") and alleges as follows:

### THE PARTIES

1.    At all times material, the Plaintiff, NGA NGUYEN ("Ms. Nguyen"), was the daughter of Nghi Nguyen.

2.    The Plaintiff, Ms. Nguyen is *sui juris* and a citizen and resident of the State of Pennsylvania and has been appointed as the Personal Representative and executor of the Estate of Nghi Nguyen ("Mr. Nguyen"), her deceased father.

3.    This action is brought on behalf of the Estate of Nghi Nguyen, as well as

individual claims on behalf of the survivor, his wife Nem Nguyen.

4.     Defendant, DISNEY, is a foreign corporation, with its principal place of business in London, England, and with its headquarters and principal place of business in Celebration, Florida.

5.     At all times material, DISNEY owned, operated, managed, maintained and/or controlled the cruise ship, DISNEY *Dream*.

6.     Defendant, VANTER, is a foreign corporation incorporated in the Bahamas and has its headquarters and principal place of business in Alexandria, Virginia.

## JURISDICTION AND VENUE

7.     At all times material, DISNEY, in the county and district in which this Complaint is filed:

   a.  Operated, conducted, engaged in or carried on a business venture in this state and/or county; and/or

   b.  Had an office or agency in this state and/or county; and/or

   c.  Engaged in substantial activity within this state; and/or

   d.  Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193.

8.     At all times material, VANTER, in the county and district in which this Complaint is filed:

   a.  Operated, conducted, engaged in or carried on a business venture in this state and/or county; and/or

   b.  Had an office or agency in this state and/or county; and/or

   c.  Engaged in substantial activity within this state; and/or

   d.  Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193.

9.     The Court has jurisdiction over this matter because the causes of action asserted herein arise under 28 U.S.C. § 1333 and the General Maritime Laws of the United States.

10.     This is an action for damages which exceeds the sum specified in 28. U.S.C. 1332, exclusive of interest and costs.

11.     This Court has subject matter jurisdiction, as there is complete diversity of citizenship pursuant to 28 U.S.C. 1332, as this action is between citizens of a State, and/or citizens or subjects of a foreign state.

12.     Venue is proper in this Court because principal places of business for the Defendants are within this county and a substantial part of the events or omissions giving rise to the causes of action set forth herein occurred within the county. The cruise line ticket at issue also requires that suit be brought in this Court.

13.     All conditions precedent and necessary for the filing and maintenance of this action have been fulfilled, waived, or do not apply.

## FACTUAL BACKGROUND

14.     DISNEY, as a common carrier, is engaged in the business of providing vacation cruises to the public aboard vessels including the DISNEY *Dream.* At all times material hereto, DISNEY owned, operated, managed, maintained, and/or controlled the DISNEY *Dream*, including the medical department on the vessel.

15.     DISNEY, through online, television, radio and print advertisements specifically markets its cruises as the world's largest upper premium cruise line providing the highest quality cruise product for mature and discerning travelers.

16.     As part of providing vacation cruises, DISNEY is obligated to provide competent medical care and facilities, as well as personnel capable of making sound medical

and evacuation decisions.

17.     As part of providing vacation cruises, DISNEY advertised that the ship's onboard medical center was staffed by licensed physicians and nurses and that it is well equipped medical emergencies.

18.     DISNEY charges money to passengers for medical services provided.  As such, DISNEY is in the business of providing medical services to passengers for profit, and owes a duty to provide competent and non-negligent medical care and services.

19.     DISNEY owned, operated, controlled and/or maintained the medical center aboard the DISNEY *Dream*.  DISNEY'S onboard medical center and shoreside medical operations division work as a team in the event of medical evacuation emergency.  DISNEY is aware that medical emergencies may arise on its vessels and is aware of the essential need to promptly evacuate passengers suffering from serious medical emergencies.

20.     At all times material, VANTER provided health care services for the cruise line industry, including DISNEY.

21.     At all times material, VANTER provided medical management and oversight for onboard medical care and served as resource for onboard medical staff and actively provided administrative support based on a team approach with shipboard management, onboard medical staff and the cruise line's shoreside operations division.

22.     At all times material, DISNEY entered into a contractual agreement with VANTER to recruit, vet, oversee, collaborate and work directly with DISNEY for the provision of onboard medical services to passengers, including Mr. Nguyen.

23.     DISNEY had the ability to control and monitor each and every step taken by its medical staff onboard via telephone, video conference, skype or otherwise.

24.     DISNEY's officials and employees had the ability to monitor and participate in safety, security, and medical emergencies onboard the vessel by communicating with the *Dream's* crew via telephone, videoconference, Skype and other means of communication. DISNEY, through both the crew onboard and their shoreside officials and employees, who acted in consultation with one another, failed to properly care and promptly and properly evacuate Mr. Nguyen.

25.     Upon information and belief, the Master of the DISNEY *Dream* was is an employee or agent of DISNEY and had the ability to divert or control the vessel or make the appropriate decision to afford one of its passengers the medical care and treatment he desperately needed.  He and his bridge team are also responsible with determining the logistics for medical evacuation or disembarkation, properly coordinating with the United States Coast Guard to evacuate sick and injured individuals and ensuring that DISNEY passengers are afforded the logistical support needed during a medical emergency.  This responsibility is carried out in conjunction with DISNEY's shore-based fleet operations and shore-based individuals from DISNEY that coordinate voyage logistics.

26.     At all times DISNEY was vicariously liable for the negligence of the medical staff and doctors onboard the *Dream*, who were employees, apparent agents or actual agents of DISNEY.

27.     At all times DISNEY was vicariously liable for the negligence of the non-medical personnel onboard the *Dream*, who were employees, apparent agents or actual agents of DISNEY.

28.     At all times DISNEY had control or the right to control all persons working in its medical departments, including the doctors and personnel that improperly treated and

5

negligently mismanaged Mr. Nguyen's condition.

29.     Mr. Nguyen and his family relied upon DISNEY's representations regarding its available shipboard medical facility with its qualified and competent physicians in his decision to purchase the cruise and contract with DISNEY.

30.     On April 10, 2023, Mr. Nguyen boarded the DISNEY *Dream* from Miami, Florida, for a cruise to Castaway Cay, followed by Nassau, Bahamas, Castaway Cay again and back to Miami.  Mr. Nguyen was a paying passenger.

31.     On the evening of April 14, 2023, at approximately 10:00 p.m., Mr. Nguyen began to experience signs and symptoms of a stroke, including difficulty with speech and right-sided paralysis.

32.      Mr. Nguyen was taken to the *Dream's* medical center and he arrived there at approximately 10:30 p.m. to receive care and treatment from the ship's physician for his stroke symptoms, i.e. aphasia, right brachial plegia and femoral plegia and elevated blood pressure.  He was examined in the *Dream's* medical center by Hugo Crisnejo, M.D.

33.     The physical examination performed on Mr. Nguyen by Dr. Crisnejo upon his arrival to the *Dream's* medical center revealed that he was in acute distress, he had difficulty with speech and he had paralysis on the right side of body.  Furthermore, his NIH stroke scale score, which measures the severity of a stroke, was a 26 and represented a severe stroke.

34.     The first heart rate value obtained from Mr. Nguyen in the *Dream's* medical center at 10:30 p.m. was significantly elevated at 210/110.

35.     An ECG performed on Mr. Nguyen at approximately 10:30 p.m. returned abnormal results and revealed that he had atrial fibrillation.

36.     The diagnosis assigned to Mr. Nguyen by the *Dream's* medical center physician

and staff was that of a cerebrovascular accident, i.e. stroke.

37.    Despite Mr. Nguyen's obvious symptoms of a stroke of recent onset, no telemedicine or telephone consultation with a shoreside neurologist or specialist was requested or obtained by the *Dream's* medical center physicians or medical staff.

38.    Despite Mr. Nguyen's clear symptoms of a stroke of recent onset, no request for a medical evacuation from the ship was made or inquired about by the *Dream's* physicians or medical staff or by its non-medical staff, including its ship captain.

39.    Despite Mr. Nguyen's clear symptoms of a stroke of recent onset, the *Dream's* physicians and medical staff did not speak with the ship's captain about speeding up the ship toward land.

40.    Mr. Nguyen's condition continued to deteriorate while on the vessel and despite his continued deterioration and progressing stroke, he was kept on the vessel and not disembarked until approximately 7:00 a.m. on April 15, 2023, more than 8 hours after his symptoms began.

41.    Despite Mr. Nguyen's life-threatening condition, there was a failure to timely and properly act and failure to timely and properly disembark him from the *Dream* so that he could receive proper treatment.

42.    The aforementioned acts of negligence and unreasonable delay and failure in disembarking Mr. Nguyen to a higher level of care and the negligent and unreasonable delays in administering proper treatment caused Mr. Nguyen to suffer greatly and directly and proximately led to his death.

43.    The physicians and medical staff aboard DISNEY's *Dream* were aware of the time-sensitive nature of Mr. Nguyen's stroke symptoms and that such a condition calls for

urgent treatment at a capable facility.

44.    In light of the symptoms and manifestations exhibited by Mr. Nguyen, any reasonably prudent healthcare provider would have known that a medical air-evacuation or other expeditious disembarkation to a comprehensive treatment center was medically necessary.

45.    An air-evacuation was both medically necessary and operationally feasible to transport Mr. Nguyen to a higher level of care.

46.    Despite Mr. Nguyen's dire condition which required urgent disembarkation to a higher level of care and knowing that an air evacuation with a helicopter, rendezvous with a rescue vessel, or expeditious diversion of the vessel to a point of debarkation was operationally feasible, there was a failure to analyze or inquire as to possible disembarkation options to assist Mr. Nguyen.  Instead, the decision was made to keep him on the vessel for an excessive and medically unacceptable period of time.  He was left without the proper care and treatment that he needed as a result.

47.    The DISNEY *Dream* medical staff and personnel made the decision to continue on its scheduled itinerary without making any effort or arrangements to medically evacuate Mr. Nguyen or get him to a higher level of care capable of treating him for his condition prior to arrival at the pre-planned port of call.

48.    The DISNEY *Dream* medical staff and personnel failed to analyze or inquire as to possible disembarkation options to assist Mr. Nguyen and instead made the decision to keep him on the vessel for an excessive and medically unacceptable period of time.  He was left without the proper care and treatment that he needed as a result.

49.    The failure to properly evaluate and treat Mr. Nguyen and disembark him to a

proper level of care and the corresponding delays prevented him from being emergently evacuated from the *Dream* and evaluated by specialists who are trained to treat such patients.

50.    As a direct and proximate result, Mr. Nguyen suffered a stroke and he subsequently died.

## COUNT I
## NEGLIGENCE AGAINST DISNEY

51.    Plaintiff re-alleges and incorporates by reference paragraphs one (1) through fifty (50) of this Complaint as though fully set forth herein.

52.    In light of DISNEY's experience and familiarity with the demographics of the passengers on its cruises, the onboard and offshore recreational activities taking place on its cruises, the foreign destinations visited on its cruises and the illnesses and emergencies experienced by past cruise passengers, it was reasonably foreseeable to DISNEY that the *Dream* would have passengers similar in age to Mr. Nguyen, and passengers with common illnesses and emergencies such as his condition. Likewise, it was reasonably foreseeable that such passengers would require proper examination, evaluation, treatment, and evacuation.

53.    DISNEY owed the duty to provide prompt and appropriate medical care as regards the symptoms with which Mr. Nguyen presented with to the *Dream* medical center and of exercising reasonable care under the circumstances.  In particular, as Mr. Nguyen exhibited signs and symptoms of stroke, including difficulty with speech and right-sided paralysis, onboard the *Dream* and he was taken to the ship's medical center, DISNEY owed Mr. Nguyen the duty of protecting him from injury relating to his emergent condition, and of exercising reasonable care to furnish such aid and assistance as ordinarily prudent persons would render under similar circumstances.

54.    DISNEY breached its duty of protecting Mr. Nguyen from injury relating to

9

his emergent condition, and of exercising reasonable care to furnish such aid and assistance as ordinarily prudent persons would render under similar circumstances and breached its duty in one or more of the following ways:

a.    DISNEY failed to properly treat Mr. Nguyen;

b.    DISNEY failed to timely treat Mr. Nguyen;

c.    DISNEY failed to properly diagnose Mr. Nguyen and/or negligently misdiagnosed him;

d.    DISNEY failed to timely diagnose Mr. Nguyen;

e.    DISNEY failed to properly assess Mr. Nguyen's condition;

f.    DISNEY failed to perform and/or arrange for appropriate diagnostic testing given Mr. Nguyen's condition;

g.    DISNEY failed to obtain consultations with appropriate specialists;

h.    DISNEY failed to properly monitor Mr. Nguyen;

i.    DISNEY failed to air-evacuate Mr. Nguyen from the ship so that he could promptly receive treatment;

j.    DISNEY failed to timely divert the ship so that Mr. Nguyen could promptly receive treatment;

k.    DISNEY failed to contact the United States Coast Guard regarding the need for an air evacuation;

l.    DISNEY failed to properly or timely consult qualified shore-based personnel regarding Mr. Nguyen's condition;

m.    DISNEY failed to obtain a proper medical opinion regarding Mr. Nguyen's condition;

n.    DISNEY failed to timely and properly utilize "Telemedicine" and other resources on the vessel to properly assess Mr. Nguyen's condition;

o.    DISNEY failed to develop and institute adequate procedures and policies to address Mr. Nguyen's medical situation;

p.    DISNEY failed to appreciate the severity of Mr. Nguyen's worsening

condition;

q.    DISNEY failed to perform any procedure to Mr. Nguyen's medical benefit;

r.    DISNEY failed to properly ascertain sufficient information to determine where Mr. Nguyen should be transferred;

s.    DISNEY deviated from the standard of care for treating patients in Mr. Nguyen's condition.

55.    DISNEY knew or reasonably should have known about these conditions and failures, but failed to correct them prior to the incident that caused Mr. Nguyen's death. These conditions and failures were longstanding and obvious to DISNEY.  DISNEY is aware that passengers may suffer from life threatening conditions such as a stroke and is aware of the urgent need to evacuate such patients to competent medical centers capable of providing treatment.

56.    As a direct and proximate result of DISNEY breaching its duty to Mr. Nguyen, he suffered greatly and died.  If Mr. Nguyen had received appropriate care and treatment onboard or been timely evacuated from the ship, he would not have suffered such devastating injuries causing his death.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment against DISNEY for all damages recoverable under the law, including interest, court costs and all other relief deemed just and proper.

**COUNT II**
**NEGLIGENCE AGAINST VANTER FOR THE ACTS OF ITS MEDICAL PERSONNEL BASED ON VICARIOUS LIABILITY AND RESPONDEAT SUPERIOR**

57.    Plaintiff re-alleges and incorporates by reference paragraphs one (1) through fifty (50) of this Complaint as though fully set forth herein.

58.    At all times material, VANTER owned, operated, controlled, and/or maintained the medical center aboard the DISNEY *Dream* and was responsible for overseeing the operations of the shipboard medical center including the selecting, purchasing, and maintaining of the medical equipment and medications contained therein: recruitment, credentialing and staffing of shipboard medical centers with physicians and nurses; evaluations, training and coaching of shipboard physicians; and acting as a resource to the shipboard medical personnel and providing guidance and instruction in the event of a medical emergency in said medical center.

59.    At all times material, the medical personnel was comprised of the ship's doctor(s) and nurses aboard the DISNEY *Dream* for the subject voyage.

60.    At all times material, the ship's medical personnel was employed by VANTER which was therefore vicariously liable for the negligent treatment of Mr. Nguyen under the legal principles of respondeat superior and the principles set forth in *Franza v. Royal Caribbean Cruise, Ltd.,* 772 F.3d 1225 (11th Cir. 2014).

61.    At all times material, the medical personnel on the vessel was in the regular, full-time employment of the ship, as a salaried member of the crew, were identified officers of the vessel, subject to the ship's discipline and the Master's orders and also under the control of VANTER's shoreside medical department, medical director and medical officer through modern means of communication.

62.    At all times material, VANTER acknowledge that its medical personnel would act on its behalf and the medical personnel accepted that undertaking.

63.    At all times material, VANTER controlled and/or maintained the right of control over its personnel and other medical personnel working in the medical center in the

exercise of their job duties, including the treatment of patients.  VANTER exercised such

control and/right of control in many different ways, including but not limited to the

following:

    A. Setting standard, criteria and procedures for selecting and hiring said personnel;

    B. Credentialing, evaluating, training and coaching shipboard medical personnel;

    C. Providing guidance and instruction to shipboard medical personnel in the event of a medical emergency;

    D. Establishing, adopting and enforcing rules and protocols for the treatment of patients in the medical center;

    E. Maintaining and/or exercising the right to hire and fire said medical personnel;

    F. Establishing the amount, method and manner of payment for said personnel;

    G. Establishing and enforcing the terms of employment for such personnel, including their hours, job duties and details of their work;

    H. Setting the standards and criteria to determine which patients were to be treated by said personnel;

    I. Supplying the tools, workplace and equipment for said personnel to perform their job duties;

    J. Requiring said personnel to take specific courses and training;

    K. In other manners that are expected to be determining in continuing discovery and investigation.

64.    VANTER, through its medical personnel, owed Mr. Nguyen the duty of

exercising reasonable care under the circumstances. In particular, as Mr. Nguyen suffered a

stroke on board the *Dream* and was taken to the ship's medical center, VANTER owed Mr.

Nguyen the duty of protecting him from injury relating to his emergent condition, and of

exercising reasonable care to furnish such aid and assistance as ordinarily prudent persons would render under similar circumstances.

65.    VANTER, through its medical personnel, breached its duty of protecting Mr. Nguyen from injury relating to his emergent condition, and of exercising reasonable care to furnish such aid and assistance as ordinarily prudent persons would render under similar circumstances. VANTER, through its medical personnel, breached its duty in one or more of the following ways:

a.  VANTER failed to properly treat Mr. Nguyen;

b.  VANTER failed to timely treat Mr. Nguyen;

c.  VANTER failed to properly diagnose Mr. Nguyen and/or negligently misdiagnosed him;

d.  VANTER failed to timely diagnose Mr. Nguyen;

e.  VANTER failed to properly assess Mr. Nguyen's condition;

f.  VANTER failed to perform and/or arrange for appropriate diagnostic testing given Mr. Nguyen's condition;

g.  VANTER failed to obtain consultations with appropriate specialists;

h.  VANTER failed to properly monitor Mr. Nguyen;

i.  VANTER failed to air-evacuate Mr. Nguyen from the ship so that he could promptly receive treatment;

j.  VANTER failed to timely divert the ship so that Mr. Nguyen could promptly receive treatment;

k.  VANTER failed to contact the United States Coast Guard regarding the need for an air evacuation;

l.  VANTER failed to properly or timely consult qualified shore-based personnel regarding Mr. Nguyen's condition;

m. VANTER failed to obtain a proper medical opinion regarding Mr. Nguyen's condition;

14

n.  VANTER failed to timely and properly utilize "Telemedicine" and other resources on the vessel to properly assess Mr. Nguyen's condition;

o.  VANTER failed to develop and institute adequate procedures and policies to address Mr. Nguyen's medical situation;

p.  VANTER failed to appreciate the severity of Mr. Nguyen's worsening condition;

q.  VANTER failed to perform any procedure to Mr. Nguyen's medical benefit;

r.  VANTER failed to properly ascertain sufficient information to determine where Mr. Nguyen should be transferred;

s.  VANTER deviated from the standard of care for treating patients in Mr. Nguyen's condition.

66.    VANTER, through its medical personnel, knew or reasonably should have known about these conditions and failures, but failed to correct them prior to the incident that injured Plaintiff.  These conditions and failures were longstanding and obvious to VANTER.

67.    As a direct and proximate result of VANTER breaching its duty to Mr. Nguyen, he suffered greatly and died.  If Mr. Nguyen had received appropriate care and treatment onboard or been timely evacuated from the ship, he would not have suffered and died.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment against VANTER for all damages recoverable under law, including interest, court costs and all other relief deemed just and proper.

## COUNT III
## NEGLIGENCE OF DISNEY FOR VANTER AND ITS MEDICAL PERSONNEL
### (Vicarious Liability Based Upon Actual Agency / *Respondeat Superior*)

68.    Plaintiff re-alleges and incorporates by reference paragraphs one (1) through

fifty (50) of this Complaint as though fully set forth herein.

69.    DISNEY's medical personnel, including the doctors and nurses on board the *Dream* and VANTER's doctors and staff, were the employees, agents, servants and/or persons otherwise authorized to act on behalf of DISNEY.  Thus, DISNEY is vicariously liable for the acts and/or omissions of its medical personnel.

70.    DISNEY entered into a contractual agreement with VANTER to recruit, vet, oversee, collaborate and work directly with DISNEY for the provision of onboard medical services to passengers, including Mr. Nguyen.

71.    DISNEY acknowledged that its medical personnel, including VANTER's doctors and nurses onboard the *Dream*, would act for it, and the medical personnel manifested an acceptance of the undertaking. For example: (1) DISNEY directly paid the medical personnel for their work in the medical center onboard the *Dream*; (2) the medical center on board the *Dream* was created, owned and operated by DISNEY; (3) the medical personnel on board the *Dream* worked at what DISNEY describes in its advertising as DISNEY's medical center; (4) DISNEY knowingly provided, and the medical personnel on board the *Dream* knowingly wore uniforms bearing DISNEY's name and logo; and (5) the ship physician on the *Dream* is considered and titled an officer of DISNEY's cruise line.

72.    DISNEY's medical personnel, including the doctors and nurses on board the *Dream* and VANTER's doctors and staff, were subject to the right of control by DISNEY, and were acting within the scope of their employment or agency. For example: (1) the medical personnel were employed by DISNEY; (2) the medical personnel were hired to work in a medical center on board the *Dream* that was created, owned and operated by DISNEY; (3) the medical personnel were paid salaries and/or other employment related benefits directly

by DISNEY; (4) the medical personnel on board the *Dream* were considered to be members of the ship's crew; (5) the medical personnel were required to wear uniforms or other insignia furnished by DISNEY; (6) DISNEY put the medical personnel on board the *Dream* under the command of the ship's superior officers, and they were subject to the ship's discipline and the master's orders; (7) DISNEY had the right to fire its medical personnel; (8) DISNEY directly billed the Plaintiff and other passengers onboard the *Dream* for services rendered by its medical personnel and/or use of the onboard medical center, medical equipment and medical supplies; and (9) the medical personnel on board the *Dream* were subject to the control of DISNEY's shore-side medical department.

73.    DISNEY, through its medical personnel, including VANTER's doctors and staff, owed Mr. Nguyen the duty of exercising reasonable care under the circumstances. In particular, as Mr. Nguyen suffered a stroke on board the *Dream* and was taken to the ship's medical center, DISNEY owed Mr. Nguyen the duty of protecting him from injury relating to his emergent condition, and of exercising reasonable care to furnish such aid and assistance as ordinarily prudent persons would render under similar circumstances.

74.    DISNEY, through its medical personnel, including VANTER's doctors and staff, breached its duty of protecting Mr. Nguyen from injury relating to his emergent condition, and of exercising reasonable care to furnish such aid and assistance as ordinarily prudent persons would render under similar circumstances. DISNEY, through its medical personnel, breached its duty in one or more of the following ways:

      a.    DISNEY failed to properly treat Mr. Nguyen;

      b.    DISNEY failed to timely treat Mr. Nguyen;

      c.    DISNEY failed to properly diagnose Mr. Nguyen and/or negligently misdiagnosed him;

d.  DISNEY failed to timely diagnose Mr. Nguyen;

e.  DISNEY failed to properly assess Mr. Nguyen's condition;

f.  DISNEY failed to perform and/or arrange for appropriate diagnostic testing given Mr. Nguyen's condition;

g.  DISNEY failed to obtain consultations with appropriate specialists;

h.  DISNEY failed to properly monitor Mr. Nguyen;

i.  DISNEY failed to air-evacuate Mr. Nguyen from the ship so that he could promptly receive treatment;

j.  DISNEY failed to timely divert the ship so that Mr. Nguyen could promptly receive treatment;

k.  DISNEY failed to contact the United States Coast Guard regarding the need for an air evacuation;

l.  DISNEY failed to properly or timely consult qualified shore-based personnel regarding Mr. Nguyen's condition;

m.  DISNEY failed to obtain a proper medical opinion regarding Mr. Nguyen's condition;

n.  DISNEY failed to timely and properly utilize "Telemedicine" and other resources on the vessel to properly assess Mr. Nguyen's condition;

o.  DISNEY failed to develop and institute adequate procedures and policies to address Mr. Nguyen's medical situation;

p.  DISNEY failed to appreciate the severity of Mr. Nguyen's worsening condition;

q.  DISNEY failed to perform any procedure to Mr. Nguyen's medical benefit;

r.  DISNEY failed to properly ascertain sufficient information to determine where Mr. Nguyen should be transferred;

s.  DISNEY deviated from the standard of care for treating patients in Mr. Nguyen's condition.

75.  DISNEY, through its medical personnel, and VANTER's doctors and staff,

knew or reasonably should have known about these conditions and failures, but failed to correct them prior to the incident that injured Plaintiff.  These conditions and failures were longstanding and obvious to DISNEY.

76.     As a direct and proximate result of DISNEY breaching its duty to Mr. Nguyen, he suffered greatly and died.  If Mr. Nguyen had received appropriate care and treatment onboard or been timely evacuated from the ship, he would not have suffered and died.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment against DISNEY for all damages recoverable under law, including interest, court costs and all other relief deemed just and proper.

**COUNT IV**
**NEGLIGENCE OF DISNEY THROUGH ITS MEDICAL PERSONNEL**
**(Vicarious Liability Based Upon Apparent Agency)**

77.     Plaintiff re-alleges and incorporates by reference paragraphs one (1) through fifty (50) of this Complaint as though fully set forth herein.

78.     DISNEY's medical personnel, including the doctors and nurses on board the *Dream*, were the apparent employees, agents, servants and/or persons otherwise authorized to act on behalf of DISNEY. Thus, DISNEY is vicariously liable for the acts and/or omissions of its medical personnel.

79.     DISNEY made representations to the Plaintiff and other passengers onboard the *Dream* that the ship's medical personnel were the employees, agents, servants and/or persons otherwise authorized to act for DISNEY's benefit. For example: (1) DISNEY promoted the medical personnel on board the *Dream* and represented them as being DISNEY employees through brochures, internet advertising and/or signs, documents, and uniforms on the ship; (2) DISNEY promoted the medical center on board the *Dream* and

described it in proprietary language; (3) the medical personnel on board the *Dream* worked in the medical center that DISNEY promoted and described in proprietary language; (4) DISNEY directly bills the Plaintiff and other passengers onboard the *Dream* for services rendered by the onboard medical personnel and/or use of the onboard medical center, medical equipment and medical supplies; (5) the medical personnel on board the *Dream* were required to wear uniforms or other insignia furnished by DISNEY; (6) DISNEY held out the medical personnel on board the *Dream* as members of the ship's crew; and (7) the medical personnel on board the *Dream* spoke and acted as though they were employed by DISNEY. DISNEY had knowledge of such representations but never took any action to indicate otherwise.

80. DISNEY's representations to the Plaintiff and other passengers onboard the *Dream* caused them to reasonably believe that the ship's medical personnel were the employees, agents, servants and/or persons otherwise authorized to act for DISNEY's benefit. Indeed, DISNEY actually intended that the Plaintiff and other passengers onboard the *Dream* have such perception or belief because it is a marketing tool to induce passengers such as the Plaintiff to purchase cruises on DISNEY ships in the first place, to feel secure while on board DISNEY s' ships and/or to be a repeat customer.

81. DISNEY s' representations to the Plaintiff and other passengers onboard the *Dream* induced their detrimental, justifiable reliance upon the appearance of agency. For example, Mr. Nguyen justifiably relied upon DISNEY s' representations in deciding to purchase a cruise on the *Dream* and seek care in its medical center.

82. DISNEY, through its medical personnel, owed Mr. Nguyen the duty of exercising reasonable care under the circumstances. In particular, as Mr. Nguyen suffered a

stroke onboard the *Dream* and was taken to the ship's medical center, DISNEY owed Mr. Nguyen the duty of protecting him from injury relating to his emergent condition, and of exercising reasonable care to furnish such aid and assistance as ordinarily prudent persons would render under similar circumstances.

83.    DISNEY, through its medical personnel, breached its duty of protecting Plaintiff from injury relating to his emergent condition, and of exercising reasonable care to furnish such aid and assistance as ordinarily prudent persons would render under similar circumstances. DISNEY, through its medical personnel, breached its duty in one or more of the following ways:

a.    DISNEY failed to properly treat Mr. Nguyen;

b.    DISNEY failed to timely treat Mr. Nguyen;

c.    DISNEY failed to properly diagnose Mr. Nguyen and/or negligently misdiagnosed him;

d.    DISNEY failed to timely diagnose Mr. Nguyen;

e.    DISNEY failed to properly assess Mr. Nguyen's condition;

f.    DISNEY failed to perform and/or arrange for appropriate diagnostic testing given Mr. Nguyen's condition;

g.    DISNEY failed to obtain consultations with appropriate specialists;

h.    DISNEY failed to properly monitor Mr. Nguyen;

i.    DISNEY failed to air-evacuate Mr. Nguyen from the ship so that he could promptly receive treatment;

j.    DISNEY failed to timely divert the ship so that Mr. Nguyen could promptly receive treatment;

k.    DISNEY failed to contact the United States Coast Guard regarding the need for an air evacuation;

l.    DISNEY failed to properly or timely consult qualified shore-based

personnel regarding Mr. Nguyen 's condition;

m.    DISNEY failed to obtain a proper medical opinion regarding Mr. Nguyen's condition;

n.    DISNEY failed to timely and properly utilize "Telemedicine" and other resources on the vessel to properly assess Mr. Nguyen's condition;

o.    DISNEY failed to develop and institute adequate procedures and policies to address Mr. Nguyen's medical situation;

p.    DISNEY failed to appreciate the severity of Mr. Nguyen's worsening condition;

q.    DISNEY failed to perform any procedure to Mr. Nguyen's medical benefit;

r.    DISNEY failed to properly ascertain sufficient information to determine where Mr. Nguyen should be transferred;

s.    DISNEY deviated from the standard of care for treating patients in Mr. Nguyen's condition.

84.    DISNEY, through its medical personnel, knew or reasonably should have known about these conditions and failures, but failed to correct them prior to the incident that injured Plaintiff. These conditions and failures were longstanding and obvious to DISNEY.

85.    As a direct and proximate result of DISNEY breaching its duty to Mr. Nguyen, suffered greatly and died.  If Mr. Nguyen had received appropriate care and treatment onboard or been timely evacuated from the ship, he would not have suffered such devastating injuries and died.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment against DISNEY for all damages recoverable under law, including interest, court costs and all other relief deemed just and proper.

**COUNT V**
**NEGLIGENCE OF DISNEY THROUGH ITS NON-MEDICAL PERSONNEL**
**(Vicarious Liability Based Upon Actual Agency /** *Respondeat Superior***)**

86.     Plaintiff re-alleges and incorporates by reference paragraphs one (1) through fifty (50) of this Complaint as though fully set forth herein, except such paragraphs that may conflict with or are at odds with any paragraphs within this Count of Plaintiff's Complaint.

87.     In light of DISNEY's experience and familiarity with the demographics of the passengers on its cruises, the onboard and offshore recreational activities taking place on its cruises, the foreign destinations visited on its cruises, and the illnesses and emergencies experienced by past cruise passengers, it was reasonably foreseeable to DISNEY that the *Dream* would have passengers similar in age to Mr. Nguyen, and passengers with common illnesses and emergencies such as his condition. Likewise, it was reasonably foreseeable that such passengers would require proper medical logistical support and medical evacuation.

88.     DISNEY, through its non-medical personnel, including its officers, directors, employees, agents, servants and/or persons otherwise authorized to act on behalf of DISNEY, both on board the *Dream* and located at DISNEY's shore-side offices, owed the duty of exercising reasonable care under the circumstances. In particular, as Mr. Nguyen suffered a stroke onboard the *Dream* and was taken to the ship's medical center, DISNEY owed the duty of protecting him from injury relating to his emergent condition, and of exercising reasonable care to furnish such aid and assistance as ordinarily prudent persons would render under similar circumstances.

89.     DISNEY, through the negligence of its non-medical personnel, breached its duty to exercise reasonable care to furnish such aid and assistance as ordinarily prudent persons would render under similar circumstances. DISNEY breached its duty in one or

more of the following ways:

      a.    DISNEY failed to timely and properly communicate the condition of Mr. Nguyen to its shore side personnel;

      b.    DISNEY failed to follow proper policies and procedures to ascertain the operational feasibility of a medical evacuation for Mr. Nguyen;

      c.    DISNEY failed to air-evacuate Mr. Nguyen from the ship so that he could promptly receive treatment;

      d.    DISNEY failed to timely divert the ship so that Mr. Nguyen could promptly receive treatment;

      e.    DISNEY failed to evacuate Mr. Nguyen by speed boat, tender boat, or transfer;

      f.    DISNEY failed to contact the United States Coast Guard regarding the need for an air evacuation;

      g.    DISNEY refused to alter its itinerary to transport Mr. Nguyen, electing to avoid operational disruption over the needs of its critically ill guest.

90.    DISNEY, through its non-medical personnel, knew or reasonably should have known about these conditions and failures, but failed to correct them prior to the incident that caused the death of Mr. Nguyen. These conditions and failures were longstanding and obvious to DISNEY.

91.    As a direct and proximate result of DISNEY breaching its duty to Mr. Nguyen, he suffered greatly and died. If Mr. Nguyen had received appropriate care and treatment onboard or been timely evacuated from the ship, he would not have suffered such devastating injuries and died.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment against DISNEY for all damages recoverable under the law, including interest, court costs and all other relief deemed just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all claims set forth herein.

Dated this 14th day of May, 2024.

Respectfully submitted,

By: /s/ Carlos Fabano
Carlos A. Fabano (FBN 0013107)
**LEESFIELD & PARTNERS, P.A.**
2350 South Dixie Highway
Miami, Florida 33133
Telephone: 305-854-4900
Facsimile:  305-854-8266
fabano@leesfield.com
abreu@leesfield.com